TAPPAN AND NYACK BUS, INC., Appellant, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT and PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, Respondents.— Upon reargument, the judgment is reversed on the law and the facts, with costs, and judgment is directed for the plaintiff, with costs. The matter will be referred to Special Term to take proof as to the damages, if any, suffered by the plaintiff from the 25th day of July, 1929, the date of the commencement of plaintiff's operation of the route, to the time that the operation was discontinued by the defendants. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. On the 25th day of July, 1929, a certificate of convenience and necessity was issued to the plaintiff by the Public Service Commission to operate a bus line over the route between Tappan and Nyack in Rockland county, N. Y. That determination was confirmed. (*Matter of P. S. I. Transp. Co. v. P. S. Comm.*, 258 N. Y. 455.) Subsequently it was determined that neither the defendants nor their precedecessor, the Northern Valley Bus Line, Inc., ever acquired a valid certificate and, therefore, operation of the route by them was unlawful. (*People ex rel. P. S. I. Transp. Co. v. P. S. Comm.*, 262 N. Y. 39.) This court may not determine in this proceeding that the plaintiff's certificate is invalid and void

for the reasons which led to the condemnation of the certificate or certificates under which the defendants claimed the right to operate. Although it was stated in *People ex rel. P. S. I. Transp. Co.* v. *P. S. Comm.* (*supra*) that respondent Public Service Interstate Transportation Co., Inc., one of the defendants here, never acquired a valid certificate, it was also written, " The mere fact that unauthorized conditions are attached to a certificate does not require the conclusion that the certificate is void." Lazansky, P. J., Young, Hagarty and Scudder, JJ., concur; Carswell, J., dissents and votes to affirm. Settle order on notice. [See 236 App. Div. 849; 237 id. 831; 240 id. 843.]